FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 FEB 12 PM 12: 14

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

STEPHANIE LOUNSBURY,

Plaintiff,

v.

CASE NO: 3:18CV238-J-20MCR
<u>Jury Trial Demanded</u>

RECEIVABLES PERFORMANCE
MANAGEMENT LLC.

Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

STEPHANIE LOUNSBURY ("Ms. Lounsbury" or "Plaintiff") files suit against RECEIVABLES PERFORMANCE MANAGEMENT LLC. ("Receivables" or "Defendant") and in support alleges:

## NATURE OF ACTION

1. Plaintiff alleges that Defendant, without her consent, called her cellular telephone with an autodialer more than 141 times—in blatant violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA") and the Fair Debt Collections Act 15 U.S.C. § 1692 et seq. ("FDCPA").

2. This is an action for injunctive relief and damages in excess of $15,000.00, brought by Ms. Lounsbury, an individual consumer. Fundamentally, this case is about Defendant's refusal to respect Ms. Lounsbury's personal and legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

4. Plaintiff, Ms. Lounsbury, is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

5. Plaintiff is the regular user and subscriber of cellular telephone number (904) 631-8870.

6. Plaintiff is the wrong-party recipient of Defendant's calls.

7. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank*, N.A., 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

8. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(6).

10. At all times material, Defendant was transacting business in the State of Florida.

11. Defendant is a corporate entity responsible for attempting to collect an alleged debt from Plaintiff.

12. Defendant is a corporation with principal place of business at 20816 44th Ave West, Lynwood, WA 98036.

13. Ms. Lounsbury hired WorldBlock Legal, P.A. Law Firm to represent her to seek relief from the overwhelming volume of debt collection calls she is receiving from Defendant.

## FACTUAL ALLEGATIONS

14. On March 14, 2017, Ms. Lounsbury began receiving multiple collection calls from Defendant.

15. Defendant called Ms. Lounsbury's cell phone number (904) 631-8870 in an attempt to collect an alleged debt, however Ms. Lounsbury never had any business dealings with Receivables, and did not owe a debt.

16. Defendant has called Ms. Lounsbury's cellular telephone over 141 times. *See* Exhibit "A."

17. Defendant's calls are so frequent that Plaintiff often does not answer incoming calls from anyone.

18. Defendant intentionally harassed and abused Ms. Lounsbury on numerous occasions by calling with such frequency as can reasonably be expected to harass.

19. **RECEIVABLES LACKED CONSENT.** Receivables was calling for a party other than Ms. Lounsbury, and never obtained her consent to call her cellular phone number.

20. Between March 14, 2017 and August 29, 2017, Ms. Lounsbury's repeatedly informed Receivables they had the wrong number and requested that Defendant "stop calling" her.

21. Defendant disregarded Ms. Lounsbury's requests, and continued to harass her with automated calls to her cellular telephone.

22. **NATURE OF VIOLATIONS.** Defendant called Ms. Lounsbury using telephone number 425-412-2539.

23. The telephone number 425-412-2539 is a number that does or did belong to Defendant or its agents.

24. Defendant attempted to collect an alleged debt from Ms. Lounsbury by overwhelming her with telephone calls.

25. Defendant willfully or knowingly made to calls to Plaintiff's cellular telephone.

26. Defendant called plaintiff's cellular telephone number with an automatic telephone dialing system ("ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(b)(1)(A).

27. The calls made by Receivables to Plaintiff's cellular telephone were made using an artificial or prerecorded voice.

28. Ms. Lounsbury recognized Defendant's use of an artificial or prerecorded voice from the pause or click Ms. Lounsbury heard when answering her cellular telephone.

29. None of the Defendant's telephone calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Receivables made at least one call to (904) 631-8870.

31. Receivables made at least one call to (904) 631-8870 using an ATDS.

32. Receivables made at least ten (10) calls to (904) 631-8870.

33. Receivables made at least ten (10) calls to (904) 631-8870 using an ATDS.

34. Receivables made at least one hundred (100) calls to (904) 631-8870.

35. Receivables made at least one hundred (100) calls to (904) 631-8870 using an ATDS.

36. Receivables made at least one hundred and forty-one (141) calls to (904) 631-8870.

37. Receivables made at least one hundred and forty-one (141) calls to (904) 631-8870 using an ATDS.

38. Each call Receivables made to Ms. Lounsbury's cellular telephone was done so without her "express permission."

39. Ms. Lounsbury's demands that Receivables end the harassment were ignored.

40. Receivables has recorded at least one conversation with the Plaintiff.

41. Receivables has recorded numerous conversations with the Plaintiff.

42. By continuing these illegal telephone calls, Defendant has harassed Ms. Lounsbury and invaded her privacy—the very harm that Congress sought to prevent.

43. Defendant's infuriating and frustrating telephone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line.

44. Ms. Lounsbury experienced harm and damage by Receivables telephone calls because they wasted her time, drained her cellular telephone's battery, and used minutes that were allocated by her cellular telephone service provider. "[W]ireless customers [like Ms. Lounsbury] are charged for incoming calls whether they pay in advance or after the minutes are used." *See* In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007).

45. Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

46. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

47. Defendant had 3 complaints reported to the Better Business Bureau (BBB), which are classified as being related to "Billings/Collection Issues." [1]

48. All conditions precedent to this action have been performed or waived.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint.

---

[1] *Reviews & Complaints*, BETTER BUSINESS BUREAU, https://www.bbb.org/sdoc/business-reviews/collection-agencies/pra-receivables-management-llc-in-lake-forest-ca-1009560/reviews-and-complaints?section=complaints

50. Receivables is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

51. Receivables negligently, willfully, or knowingly placed non-emergency telephone calls to Ms. Lounsbury's cell phone.

52. Receivables called Ms. Lounsbury using an automatic telephone dialing system and/or used a pre-recorded or artificial voice.

53. Ms. Lounsbury recognized Credit Central's use of an automatic telephone dialing system and/or use of a pre-recorded or artificial voice as indicated by the pause or clicking sound she heard when she answered her cell phone.

54. Receivables willfully violated the TCPA each time they called Ms. Lounsbury's cellular telephone with an ATDS or artificial or pre-recorded voice after she revoked consent to be called.

55. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under §227(b)(3)(B), is entitled to, inter alia, a minimum of $500 in damages for each violation of the TCPA.

56. Plaintiff is also entitled to, and does seek, injunctive relief prohibiting Receivables from violating the TCPA in the future.

57. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory Damages; and

    b. Actual damages; and

    c. Any further relief that this Court deems equitable, just, or proper.

### COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

58. Ms. Lounsbury incorporates by reference paragraphs 1 through 48 of this

Complaint.

59. At all times material, Receivables is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

60. Defendant has violated Florida Statute § 559.72.

61. Defendant continued to call Ms. Lounsbury despite actual knowledge that Ms. Lounsbury, was the wrong-party and had asked Receivables to "stop calling" her.

62. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Ms. Lounsbury.

63. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

64. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Ms. Lounsbury and against Receivables for:

    a. Statutory Damages;

    b. Actual Damages;

    c. Attorney's fees, litigation expenses, and costs of suit;

    d. An injunction permanently enjoining the Defendant from engaging in the violative practices; and

    e. Any further relief that this Court deems equitable, just, or proper.

## COUNT III – VIOLATIONS OF the FAIR DEBT COLLECTIONS ACT

65. Ms. Lounsbury incorporates by reference paragraphs 1 through 48 of this Complaint.

66. At all times material, Receivables is subject to and must abide by the Code Laws of the United States of America, including the Fair Debt Collections Act 15 U.S.C. § 1692 *et seq.*

67. Defendant violated 15 U.S.C. § 1692(d)(5) by placing telephone calls to Plaintiff in connection with the collection of the debt that Defendant knew, or should have known, did not belong to Plaintiff.

68. Defendant caused Ms. Lounsbury's telephone to ring in a repeated or continuous fashion with the intent to annoy, abuse or harass her.

69. In accordance with 15 U.S.C. § 1692(d)(5), Defendant seeks damages of $1,000 combined with reasonable attorney's fees.

70. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Ms. Lounsbury and against Receivables for:

    a. Statutory Damages;

    b. Actual Damages;

    c. Attorney's fees, litigation expenses, and costs of suit;

    d. An injunction permanently enjoining the Defendant from engaging in the violative practices; and

    e. Any further relief that this Court deems equitable, just, or proper.

Respectfully Submitted,

**WORLD BLOCK LEGAL, P.A.**

*/s/ S. Hodder*

**SASHA A. HODDER, ESQ.**
SASHA@WORLDBLOCKLEGAL.IO
FL BAR No. 1004384
400 N. Tampa Street, Suite 2850
Tampa, Florida 33602
Office: 813-452-2000
Mobile: 904-304-4453
Fax: 813-435-2181